**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIMONE LINDSEY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>THE ATTORNEY GENERAL OF THE<br>STATE OF NEW JERSEY, et al.,<br><br>　　　　　　　Respondents. | Civil Action No. 23-23287 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court Respondents' motion to dismiss (ECF No. 6) Petitioner's habeas petition challenging her state court conviction. (ECF No. 1.) Petitioner filed a response to the motion. (ECF No. 7.) For the following reasons, the motion is denied.

**I.　　BACKGROUND**

In May 2017, Petitioner pled guilty to first-degree aggravated manslaughter pursuant to a plea agreement in which the State recommended a twenty-year prison term. (*See* ECF No. 6-25 at 2-3.) Petitioner's conviction arises out of her "decision not to bring [her developmentally delayed step daughter] to an emergency room for immediate treatment after being told by [a] physician to do so," resulting in her step daughter's death. (*Id.*) On June 23, 2017, she was sentenced to a twenty year prison term in accordance with her plea agreement. (*Id.* at 4-5.) Petitioner appealed, and her sentence was affirmed. (*Id.*) Petitioner also filed a petition for certification, which was denied by the New Jersey Supreme Court on September 12, 2018. (ECF No. 6-13.) Although

Petitioner filed a PCR petition during the pendency of her direct appeal, that petition was dismissed without prejudice as premature. (ECF No. 6-25 at 4-6.)

Petitioner refiled her PCR petition on or about April 1, 2019.[1] (ECF No. 6-16; ECF No. 6-25 at 5; ECF No. 1 at 14.) Petitioner's PCR petition was ultimately denied in an order entered by the trial court on July 2, 2020. (ECF No. 6-20.) Petitioner did not timely appeal. Instead, she filed a late appeal accompanied by a motion to have her appeal considered as if filed within time on June 15, 2021. (ECF No. 6-21.) That motion was granted and the denial of Petitioner's PCR petition was affirmed by the Appellate Division on May 2, 2023. (ECF No. 6-25.) Petitioner filed a late notice of petition for certification with the New Jersey Supreme Court on June 27, 2023. (ECF No. 6-26.) The New Jersey Supreme Court thereafter denied certification on November 17, 2023. (ECF No. 6-29.) Petitioner filed her current habeas petition on December 11, 2023.[2] (ECF No. 1 at 15.)

---

[1] Petitioner dated her petition as having been "served" on March 24, 2019. (ECF No. 6-16 at 2.) The document was received by the state court on April 1, 2019, and thereafter filed on April 18. (*Id.* at 1.) Both the Appellate Division and Petitioner agree that the document is considered to have been filed in April 2019. (ECF No. 1 at 14; ECF No. 6-25 at 5.) This Court therefore gives Petitioner the benefit of the April 1, 2019, date in this opinion.

[2] Under the habeas prisoner mailbox rule, this Court provides Petitioner with the date on which she certifies she placed her petition in the prison mail according to her petition, although the petition was postdated December 19 and was ultimately received on December 21, 2023. (ECF No. 1-1.)

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

## III. DISCUSSION

In their motion to dismiss, Respondents contend that Petitioner's habeas petition must be dismissed as untimely filed. Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of*

*Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A). In this matter, Petitioner's conviction became final on December 12, 2018, when her time for filing a petition for certiorari expired. Her one year limitations period thus began on that date, and absent a basis for tolling expired one year later.

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts. *Jenkins*, 705 F.3d at 85. A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division. *See* N.J. Ct. R. 2:12-3.

Here, Petitioner filed her PCR petition on April 1, 2019, one hundred and ten (110) days after her one year limitations period began to run. Her PCR petition remained pending until she

failed to file a timely appeal following the denial of her PCR petition on July 2, 2020. Her one year limitations period thus resumed running forty-five days later on August 16, 2020, and continued to run until she filed a late notice of appeal on June 15, 2021. Three hundred and three (303) further days of her limitations period expired during this time. Petitioner's PCR appeal thereafter remained pending until she failed to file a timely notice of petition to the New Jersey Supreme Court by May 22, 2023, twenty days after her appeal was decided on May 2, 2023. Thirty six (36) further days expired before she filed her late notice of petition on June 27, 2023. Her PCR appeal thereafter remained pending until certification was denied by the state supreme court on November 17, 2023. A final twenty four (24) days elapsed before Petitioner filed her current petition. In total, four hundred and seventy three (473) days of untolled time passed between Petitioner's conviction becoming final and her filing of her habeas petition. Absent a basis for equitable tolling, Petitioner's habeas petition is thus time barred by one hundred and eight (108) days.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In her response, Petitioner presents a single argument for equitable tolling – that she asked for a notice of appeal to be filed and her attorney, through "nonfeasance" delayed in filing that document. Petitioner submits a certification and a handful of letters to support this contention. According to Petitioner, she requested to file a notice of appeal immediately, and made this request to her assigned attorney. When he did not file one, she sent him a letter in October 2020 repeating

5

her request. (ECF No. 7-1 at 2.) When this proved ultimately fruitless, she thereafter submitted letters to the public defender's office and the chambers of the judge who oversaw her PCR proceeding requesting help in filing an appeal as her previously assigned attorney had told her his representation had come to an end. (ECF No. 7-1 at 3-4.) Petitioner ultimately filed a notice of appeal and motion to have it accepted as within time herself with the help of a paralegal. (ECF No. 7-1 at 5.) Petitioner argues that these actions by her assigned PCR attorney essentially amount to attorney abandonment and should serve as a basis for equitable tolling.

Although garden variety attorney neglect or nonfeasance are not a basis for equitable tolling, an attorney's "egregious . . . neglect" which amounts to attorney abandonment may serve as a basis for equitable tolling when accompanied by a showing of reasonable diligence. *Ross*, 712 F.3d at 800-802. Here, Petitioner's filings indicate that she attempted to have her assigned attorney file an appeal, and he ultimately refused, stating that he no longer felt that he was required to file an appeal on her behalf as his representation had ended, notwithstanding his apparent failure to file even a notice of appeal on her behalf. Petitioner thereafter by phone calls and letters made several attempts to have a notice of appeal filed, contacting both the public defender and the PCR judge, and ultimately still had to file her notice of appeal on her own behalf. Petitioner has thus made a prima facie showing that she was diligently attempting to pursue her PCR appeal, but was prevented from doing so because her initial attorney effectively abandoned her and refused to file an appeal on her behalf, and the public defender thereafter failed to take timely action to file a notice of appeal on her behalf. Considering the length of time that counsel delayed – several months – and Petitioner's continued efforts thereafter spanning the rest of the nearly year long delay between the end of her PCR proceedings and her filing of an appeal on her own, this Court finds that Petitioner has made a prime facie showing that she should be entitled to at least the 108

days of tolling necessary to render her habeas petition timely. Respondents' motion is therefore denied, and Respondents shall file an answer to Petitioner's habeas petition within forty-five days.

### IV. <u>CONCLUSION</u>

For the reasons expressed above, Respondents' motion to dismiss (ECF No. 6) is **DENIED.** An order consistent with this Opinion will be entered.

                                      Hon. Karen M. Williams,
                                      United States District Judge